IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BILAL R. AMIN, II,

           Petitioner,

vs.

ROB JEFFREYS,

           Respondent.

**8:24CV368**

**MEMORANDUM AND ORDER**

      This matter is before the Court on its own motion. On September 18, 2025, Respondent filed a Motion for Summary Judgment, Filing No. 11. On September 22, 2025, Petitioner filed a Brief in Opposition to Summary Judgment, Filing No. 16. Although captioned as a brief in opposition, Petitioner's Brief indicates that it was signed on September 16, 2025—two days before Respondent filed his Motion for Summary Judgment. Filing No. 16 at 7. On its own motion, the Court will grant Petitioner 30 days to file a supplemental brief that responds to Respondent's Motion for Summary Judgment.

      Petitioner also filed another motion for appointment of counsel, again citing his limited access to the prison law library. Filing No. 15. As stated in the Court's previous Memorandum and Order, Filing No. 9, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th

Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

After another careful review of the record, the Court finds there is no need for the appointment of counsel. Petitioner's lack of access to the law library do not distinguish him from the vast majority of pro se inmate litigants. *See Recca v. Omaha Police Dep't*, 859 F. App'x 3, 5 (8th Cir. 2021) ("As a prisoner, Recca understandably faced challenges representing himself, but 'most indigent prisoners will face similar challenges.'") (quoting *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Further, Petitioner's pleadings appear coherent and demonstrate at least some understanding of the proceedings. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Petitioner is given leave to file a supplemental brief that responds to Respondent's Motion for Summary Judgment, Filing No. 11, and Brief in Support, Filing No. 14.

2. If Petitioner chooses to file a supplemental brief, he must file it on or before **October 27, 2025.**

3. No later than 30 days after Petitioner's supplemental brief, if any, is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

4. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **October 27, 2025**: check for Petitioner's supplemental brief.

5. Petitioner's Motion for Appointment of Counsel, Filing No. 15, is denied without prejudice to reassertion.

Dated this 25th day of September, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge

3