IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILAL R. AMIN II,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>Respondent. | **8:24CV368**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Respondent's Motion for Summary Judgment. Filing No. 11. Respondent filed the relevant state court records, Filing No. 12; a statement of undisputed material facts, Filing No. 13; and a brief in support, Filing No. 14. Petitioner Bilal R. Amin II ("Petitioner" or "Amin") filed a brief in opposition, Filing No. 16; an Affidavit, Filing No. 17; additional state court records, Filing No. 18; and a Supplemental Brief, Filing No. 20. Respondent filed a notice that he would not file a reply brief, Filing No. 21, and the Court considers this matter fully submitted for disposition. Respondent contends Amin's Petition for Writ of Habeas Corpus, Filing No. 1, must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Upon careful review, the Court agrees and will dismiss the petition with prejudice.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(a).[1] The moving party bears the initial responsibility of informing the court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be

---

[1] Rule 56 of the Federal Rules of Civil Procedure applies to habeas proceedings pursuant to Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") and Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."). However, "summary judgment principles apply on federal habeas only to the extent they do not conflict with habeas rules." Brian R. Means, Federal Habeas Manual § 8:36.

granted. *Smith-Bunge v. Wisconsin Cent., Ltd.,* 946 F.3d 420, 424 (8th Cir. 2019).

## II. UNDISPUTED MATERIAL FACTS[2]

1. On January 21, 2021, Petitioner Bilal R. Amin, II, was sentenced to 35 to 40 years in prison for his plea-based conviction of generation of child pornography, age 19 and over, a Class ID felony. Filing No. 12-3 at 1-2; Filing No. 12-4 at 7-11; Filing No. 12-5 at 42.

2. Amin appealed, and the Nebraska Court of Appeals affirmed the judgment by sustaining the State's motion for summary affirmance. Filing No. 12-1 at 3.

3. The Nebraska Supreme Court denied Amin's petition for further review on August 23, 2021. Filing No. 12-1 at 4.

4. On July 25, 2022, Amin filed a motion for postconviction relief in the state district court, which was denied without an evidentiary hearing on September 27, 2022. Filing No. 12-5 at 57; see also Filing No. 12-5 at 228-41.

5. Amin appealed, and the Nebraska Court of Appeals affirmed the judgment in a Memorandum Web Opinion issued on November 7, 2023. Filing No. 12-3 at 1.

6. Amin did not request further review, and the mandate was issued on December 11, 2023. Filing No. 12-2 at 4.

---

[2] In accordance with the Court's local rules, Respondent filed a statement of undisputed material facts outlining the procedural history of Amin's state court proceedings with references to the record. Filing No. 13. Amin has not disputed any of Respondent's statement of material facts in any of his filings. Accordingly, the Court will deem the facts admitted for purposes of deciding the summary judgment motion. *See* NECivR 56.1(b)(1)(B) ("Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." (emphasis omitted)). Because Respondent asserts only procedural facts, the Court has also independently verified that they are supported by the record.

7. Amin filed his habeas petition on September 20, 2024. Filing No. 1.

## III. ANALYSIS

Respondent submits that Amin's habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). In Amin's first responsive filings, he argues the merits of his habeas claim and, even construed liberally, does not address Respondent's arguments. *See* Filing Nos. 16 & 17. In his Supplemental Brief, Filing No. 20, Amin contends, liberally construed, that he is entitled to equitable tolling. Upon careful consideration, the Court finds that Amin's petition must be dismissed as untimely and because equitable tolling does not apply to avoid the statute of limitations bar.

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Amin's state court judgment became final on November 22, 2021, which is ninety days after the Nebraska Supreme Court denied Amin's petition for further review on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King*, 666 F.3d at 1135 ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1); *McSwine v. Nebraska*, No. 8:21CV375, 2022 WL 125105, at *3 (D. Neb. Jan. 13, 2022) (holding petitioner's Nebraska conviction became final for the purposes of the one-year federal habeas statute of limitations 90 days after the Nebraska Supreme Court denied the petition for further review). Accordingly, the one-year limitations period began to run from November 22, 2021.

The statute of limitations was tolled during the pendency of Amin's state postconviction proceedings beginning on July 25, 2022, when Amin filed his state postconviction motion. Amin filed his state postconviction motion 245 days after his conviction became final, and those 245 days count toward the one-year limitations period. *See Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (quoting *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)) ("'[T]he

time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.'").

The tolling period ended on December 11, 2023, the day the Nebraska appellate courts issued its mandate on appeal. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that a postconviction application is considered pending until the state court issues its mandate or denies review, even if a petitioner files a petition for certiorari in the Supreme Court). Because Amin had already used 245 days of the one-year statute of limitations, he had 120 days to file his federal habeas petition. Thus, Amin had to file his federal habeas petition on or before April 9, 2024, which is 120 days after the statute of limitations clock restarted on December 11, 2023. Amin did not file his federal habeas petition until September 20, 2024. By this point, the one-year limitations period for Amin to file a federal habeas petition had already expired.

**B. Equitable Tolling**

Construed liberally, Amin asserts that he is entitled to equitable tolling of the AEDPA limitations period. Filing No. 20 at 1-2. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id.* (internal quotation marks omitted). The burden of demonstrating grounds warranting

equitable tolling rests with the petitioner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Amin has failed to meet that burden.

Amin generally asserts that he has been diligently pursuing his rights, relying only on the assertion that he has "consistently and faithfully filed all court proceeding documents in an orderly and timely fashion in accordance with state and federal statutes." Filing No. 20 at 1. He also alleges that Respondent has maliciously hindered Amin's claims "through laborious glimmering tactics and legalese posturing which respondent understand [Amin] doesn't have the means to counter or combat." *Id.*

Amin's conclusory arguments regarding his diligence are unavailing. Nor do the impediments or tactics Amin references suggest the kind of extraordinary circumstances that would warrant equitable tolling. Amin offers no specific facts to suggest how Respondent's actions were malicious, nor does he allege any facts supporting an inference that he was prevented him from timely filing his habeas petition in this Court. Although he references tactics and legalese, Amin showed that he could understand statutes and procedure. The record shows he was able to timely file his state postconviction motion and initiate appeals. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). Thus, on the record presented, the Court finds that Amin has failed to demonstrate that equitable tolling of the statute of limitations is warranted.

### C. Conclusion

Amin's habeas petition is untimely, and Amin has not demonstrated that he is entitled to equitable tolling. Accordingly, the Court will grant

Respondent's summary judgment motion and dismiss Amin's petition with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court has applied the appropriate standard and determined that Amin is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment, Filing No. 11, is granted.

2. Petitioner's habeas petition, Filing No. 1, is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3. The Court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

Dated this 30th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge